UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80034-KAM

UNITED STATES OF AMERICA,

vs.

ARISTIDE MEZZOIUSO,

        **Defendant.**

_____/

**UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Crim. P. 16(d), the United States of America files this Unopposed Motion for Protective Order, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of material that will be and has been disclosed to the defense pursuant to the Standing Discovery Order. In support thereof, the government states as follows:

On March 2, 2023, a federal grand jury sitting in the Southern District of Florida returned an Indictment charging Aristide Mezzoiuso with one count of Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and one count of Attempted Transportation of a Minor with the Intent of Engaging in Sexual Activity, in violation of 18 U.S.C. § 2423(a) and (e). (DE 3). On March 23, 2022, the Defendant was arraigned and United States Magistrate Judge Goodman issued the standing discovery order, giving the government 14 days to provide discovery (DE 16).

The government is preparing to respond to the Court's Standing Discovery Order. In discovery, the government will be providing materials that include police reports, an interview report of a minor victim, messages with the minor victim, a recording of the minor victim's statements, messages with other potential victims/witnesses, electronic service provider ("ESP")

records, and other confidential records. These materials may contain personal identification information ("PII") and contact information of the victim(s) and their relatives, as well as children and witnesses. Though the government will redact much of this information, it would be impractical to redact all such information while still providing Defendant with a meaningful opportunity to review and understand the discovery. Were it to be released publicly, the material to be disclosed contains information which would cause substantial harm to the privacy and dignity of the victims and witnesses in this case.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. See United States v. Campa, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); see also Alderman v. United States, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Child victims and witnesses have a right to privacy protection under 18 U.S.C. § 3509(d). Crime victims also possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1).

In light of the foregoing, the government respectfully requests that the Court enter an order placing the following restrictions on the discovery materials made available to Defendant in this case:

1. Counsel for Defendant shall not provide the material responsive to the Standing Discovery Order to any person except as specified in the Court's order or by prior approval of the Court.

2. Defendant shall possess the material responsive to the Standing Discovery Order only in the presence of his counsel and only as necessary for counsel to prepare the case.

3. Employees of defense counsel, including investigators hired by defense counsel, may possess the material responsive to the Standing Discovery Order only as necessary to prepare the case.

4. Third parties contracted by the defense to provide expert analysis or testimony may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

5. Counsel for the defendant shall ensure that the defendant and any third party that obtains access to the material responsive to the Standing Discovery Order are provided a copy of the Court's order. No third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the Standing Discovery Order to assist in the preparation of the case.

6. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the defendant shall destroy or return to the government all copies of the material responsive to the Standing Discovery Order.

Similar protective orders have been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive information disclosed in discovery. See, e.g., United States v. Plummer, 20-14023-CR-KMM/SMM (DE 18); United States v. Flanders, et al., 11-20557-CR-KMM (DE 35, 76); United States v. Williams, 18-80053-CR-RLR (DE 22); United States v. Price, 13-20836-CR-UU (DE 27); United States v. Baston, 13-20914-CR-CMA (DE 26); United States v. Revay, 13-60074-CR-RNS (DE 22); United States v. Vargas, et al., 12-20247-CR-JEM (DE 19, 36).

The undersigned has conferred with counsel for Defendant, who has no objection to entry of the protective order sought.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
Elena Smukler
Florida Bar 91025
Assistant United States Attorney
Elena.Smukler@usdoj.gov
United States Attorney's Office
99 NE 4th Street
Miami, Florida 33132
Telephone: 305-961-9444

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 31, 2023, I electronically filed the foregoing document with the Clerk of the Court, and served a copy upon all counsel of record, using CM/ECF.

_____
Elena Smukler
Assistant United States Attorney