UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-CR-80034

UNITED STATES OF AMERICA

v.

ARISTIDE MEZZOIUSO,

      **Defendant.**

_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and Aristide Mezzoiuso (hereinafter referred to as the "Defendant") enter into the following agreement:

1.    The Defendant agrees to plead guilty to the Indictment, which charges the Defendant with Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b) (Count 1) and Attempted Transportation of a Minor with the Intent of Engaging in Sexual Activity, in violation of 18 U.S.C. § 2423(a) (Count 2).

2.    The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that

1

the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3.  The Defendant also understands and acknowledges that, as to Count 1 (Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity), the Court must impose a minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of life. The Defendant also understands and acknowledges that, as to Count 2 (Attempted Transportation of a Minor with the Intent of Engaging in Sexual Activity), the Court must impose a minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of life. The Court must also impose a term of supervised release between five years and life as to each count. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, may order forfeiture, and must order restitution. The Defendant further understands and acknowledges a special assessment of $100 will be imposed on the Defendant as to each count. *See* 18 U.S.C. § 3013. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. In addition to the special assessment that will be imposed under 18 U.S.C. § 3013, the Court will also impose an additional special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act of 2015, unless the court finds that the defendant is indigent. *See* 18 U.S.C. § 3014. Moreover, the

Court will impose an assessment of not more than $35,000 under 18 U.S.C. § 2259A(a)(2). The Defendant further understands, acknowledges, and agrees that restitution will be ordered in this case for all counts of the Indictment. Under Title 18, United States Code, Section 2259, the Defendant must pay restitution that is not less than $3,000 per victim.

4. The Defendant agrees that the victim in this case has the legal right to be reasonably heard at any public proceeding and agrees not to object to the victim's oral or written impact statements at these proceedings.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office and the Defendant

further agree to recommend that the Defendant be sentenced to ten years' imprisonment, followed by a lifetime of supervised release. This Office, however, will not be required to make this motion and recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.  The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

8.  The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any visual depiction of a minor engaged in sexually explicit conduct, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed,

4

shipped or received in the commission of or in relation to the offenses, in violation of 18 U.S.C. §§ 2251 and 2252; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or promote the commission of such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(2) and the provisions of 21 U.S.C. § 853. The Defendant agrees that this property includes, but is not limited to: one iPhone 12 Model #NGFA3L, one iPhone in black case, one blue DG-478 Android phone, one CNU2331QVR Silver HP laptop, SN# CNU2331QVR, one blue USB drive, one 5CG214 I POD HP laptop (silver), SN# 5CG2141POD, one 500 GB HDD (outside case dismantled), one White WD MyCloud external hard drive, and one black USB drive. In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

9. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

10. The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon

request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11. The Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his/her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the Defendant resides in Florida, following release from prison, the Defendant will be subject to the registration requirements of Section 943.0435, Florida Statutes. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

12. As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the Defendant's

registration information. The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

13. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

7

14. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 3/22/24 By: _____
ELENA SMUKLER
ASSISTANT UNITED STATES ATTORNEY

Date: 3/24/24 By: _____
MARK SEITLES
ATTORNEY FOR DEFENDANT

Date: 3/22/24 By: _____
JASON KREISS
ATTORNEY FOR DEFENDANT

Date: 3/22/24 By: _____
ARISTIDE MEZZOIUSO
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80034-KAM

UNITED STATES OF AMERICA,

vs.

ARISTIDE MEZZOIUSO,

        **Defendant.**

_____/

**FACTUAL PROFFER**

      The United States of America and Aristide Mezzoiuso ("Mezzoiuso" or "the Defendant") agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

      1.    On October 19, 2020, the Minor Victim, who was 17 years old at the time, was encountered by law enforcement. The Minor Victim advised law enforcement that she had arrived from the Bahamas on October 16, 2020. The Minor Victim further advised that she previously visited the United States in July 2020. Law enforcement obtained United States Customs and Border Protection records confirming that the Minor Victim arrived in the United States from the Bahamas on July 2, 2020. The Minor Victim returned to the Bahamas on August 28, 2020. The Minor Victim then returned to the United States on October 16, 2020.

      2.    The Minor Victim's cell phone was forensically analyzed. A review of the Minor Victim's cell phone revealed Facebook chat messages between the Minor Victim and the Defendant beginning in or around September 2020. On October 1, 2020, Mezzoiuso asked the Minor Victim if she wanted to come back (to the United States from the Bahamas) and if she could

stay with him. When the Minor Victim asked, "To live?" Mezzoiuso responded by stating, "If you want yes." The Minor Victim stated that she did not want to (and could not) live with Mezzoiuso; when Mezzoiuso asked her why, the Minor Victim stated that she was not ready. Mezzoiuso responded by stating, "I don't care about age." The Minor Victim was 17 years old at the time and residing in the Bahamas; Mezzoiuso was 62 and residing in the Southern District of Florida.

3. A review of the Minor Victim's cell phone revealed WhatsApp chat messages between the Minor Victim and Mezzoiuso at his phone number while the Minor Victim was residing in the Bahamas. On October 1, 2020, Mezzoiuso asked the Minor Victim if she wanted him to buy a roundtrip or one-way ticket (from the Bahamas to the United States). When the Minor Victim responded that she would need a roundtrip flight, Mezzoiuso asked how long she would stay. The Minor Victim told Mezzoiuso that she could not give him her passport information. Mezzoiuso responded, "I can't pay for your flight then. We met once and then you next[sic] stayed in touch. I tried many times to reach you remember?" (emphasis added). Law enforcement also located the following WhatsApp chat messages between Mezzoiuso and the Minor Victim on her cell phone:

a. On October 4, 2020, the Defendant tells the Minor Victim that he wants to try two things if she is open minded, stating, "I'll take care of you of course." He tells her he will take care of her on multiple occasions throughout the chat. The Defendant offers to fly to the Bahamas to meet the Minor Victim and tells her to "find a 16 yo girl to join us … And separately find a man close to my age to join us." The Defendant tells the Minor Victim he wants to see a girl pleased and asked if she's "down." The Defendant tells the Minor Victim that he read that the "Legal age for sex is 16 in the Bahamas." When discussing another person joining them, the Defendant states, "Because I would want to see him fuck you. I would fuck you too. That's the fun I'm talking about."

b. On October 5, 2020, the Defendant messages the Minor Victim stating, "Babe the 1st day I'm there it will be just me and you. I want to have sex alone with you. The we invite a 16 yo. And then a guy. I definitely want to see you get fucked. Do you want to come back with me to Miami afterwards?" "If yes, you can with me for as long as you want. I'll buy you the return ticket to Nassau whenever you want to go back home." The Defendant tells

2

    the Minor Victim that he is going to get tested and asks if she is going to get tested. When the Minor Victim asks if he wants her to, the Defendant states that he does not want to wear a condom.

  c. At one point in the conversation, the Minor Victim confirms that she is not 18. The Defendant sends her a color-coded map of the United States, showing where it is legal to have sex with someone under 18.

  d. On October 8, 2020, the Defendant tells the Minor Victim, "I want to spend time fucking you every day we're together and maybe have other join us one night." He tells the Minor Victim that he will fly to Atlanta and fly her there to meet him. The Defendant tells the Minor Victim, "By the way if you never done a 3 some with 2 guys you will love it. Trust me." The Defendant then sends the following series of messages:

    MEZZOIUSO: The legal age for sex in Atlanta is 16 so we can fuck no problem
    MEZZOIUSO: And I'll treat you nicely and look after you. I can teach you things babe. You're in good hands with me.
    MEZZOIUSO: I'll protect you as well
    MEZZOIUSO: Send you all your information so I can book your trip. When you want fly? Anytime starting Saturday. Pick the date. I think you suggested Friday the 16th but you can come sooner
    MEZZOIUSO: Remember I'm getting tested for STDs and HIV tomorrow. I'll send you the results. I do this
    a few times a year just to be safe. Also because I don't like using a condom. Is that Ok?
    MEZZOIUSO: I want you to feel me inside you without the condom in the way.
    MEZZOIUSO: If you like to spend time with me we can discuss you moving in with me when the time is right.

  e. While the Defendant initially seems intent on having sex with the Minor Victim in a state where it is legal, he ultimately discusses having sex with the Minor Victim at his home, located in the Southern District of Florida. At one point in the conversation, the Minor Victim explains that she is coming to the United States with her brother and his girlfriend. The Defendant suggests that they stay with him. The Defendant tells her that the rooms are far apart. He states, "So we would not hear them and they would not here us." The Defendant then asks the Minor Victim, "[your brother] would not mind us having sex?" The Minor Victim tells the Defendant that they can just have sex at night. The Defendant responds stating, "Except cannot invite another guy." The Defendant then proceeds to have a conversation with the Minor Victim about having a threesome and tells the Minor Victim that having a threesome is for her and about pleasing her. The Defendant also suggests taking the Minor Victim to a hotel.

  f. On October 9, 2020, the Defendant asked the Minor Victim what she likes to do for fun so he can plan what to do. He suggests taking her to Xtreme Action Sports, Gulfstream Park, and Hard Rock Casino "if they allow your age." He then states, "We'll have to wait till

      your brother and his girl fall asleep to have sex lol," referring again to them having sex in his home located in the Southern District of Florida.

   g.  On October 12, 2020, the Minor Victim asks the Defendant if Atlanta is where it is legal to have sex at 16. In the conversation that follows that question, the Defendant asks, "You don't want me to fuck you when you stay at my house with your brother and his girlfriend? … I thought you did."

   h.  During the conversation, the Defendant asks the Minor Victim if she is going to see him in Florida. He offers to pick the Minor Victim up and spend time together but not sleep over. When the Minor Victim agrees, the Defendant states:

      MEZZOIUSO: Cool we'll go to Extreme Action Sports
      MEZZOIUSO: But we're definitely fucking when you arrive babe. I want you to get used to my cock ok?
      MEZZOIUSO:   I'll marry you eventually if you want 😊
      MEZZOIUSO: Please don't think that just because I test sexual things I'm being disrespectful. I'm not rest assured
      MEZZOIUSO: meant I'm NOT being disrespectful. I sincerely like you.

   4.    The United States and the Defendant agree that WhatsApp, an internet application, is a facility and means of interstate commerce. The United States and the Defendant agree that the Defendant knowingly attempted to persuade, induce, entice, or coerce the Minor Victim to engage in sexual activity for which he could be charged with a criminal offense. The United States and the Defendant agree that the Defendant knowingly attempted to transport the Minor Victim, in foreign commerce, with the intent that the Minor Victim engage in any sexual activity for which the Defendant could be charged with a criminal offense. The United States and the Defendant agree that the Minor Victim had not attained the age of 18 years at the time of the aforementioned conduct, and that the Defendant knew that the Minor Victim had not attained the age of 18 years.

   5.    The United States and the Defendant agree that these facts, which do not include all of the facts known to the government and the Defendant, are sufficient to prove the guilt of the Defendant as to the crimes of Attempted Coercion and Enticement of a Minor to Engage in Sexual

Activity, in violation of 18 U.S.C. § 2422(b), and Attempted Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a) and (e).

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 3/22/24        By: _____
                          ELENA SMUKLER
                          ASSISANT UNITED STATES ATTORNEY

Date: 3/22/24        By: _____
                          MARK SEITLES
                          COUNSEL FOR DEFENDANT

Date: 3/22/24        By: _____
                          JASON KREISS
                          COUNSEL FOR DEFENDANT

Date: 3/22/24        By: _____
                          ARISTIDE MEZZOIUSO
                          DEFENDANT

5